IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EAEC,

Petitioner,

v.

JULIO HERNANDEZ *et al*,

Respondent(s).

Case No. 6:26-cv-02209-MTK

Agency No. UNKNOWN

ORDER

**Mustafa T. Kasubhai, District Judge:**

Petitioner has filed a Petition for Habeas Corpus challenging alleged unlawful detention by Respondents.[1] To date, Petitioner has not served a copy of their Petition on Respondents.

Upon review of the Petition, the Court ORDERS:

[1] If Petitioner seeks to proceed by initials Petitioner's counsel is directed to provide Respondents with the Agency number and Petitioner's full name for purposes of complying with this Order.

1. The Clerk of the Court must serve a copy of this Petition (and any related Motion for Temporary Restraining Order) upon Respondents and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. To further protect the status quo pending resolution of this case, unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance Notice of Intended Removal. Such Notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe such a move is

necessary and should not be stayed pending further court proceedings. Once that Notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing.[2] If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If Respondents have already moved Petitioner outside of this District, Respondents are ordered to file a Notice of Prior Removal that states the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary. Such Notice of Prior Removal will be due either:

a. Within two hours of being served with this Order if the Order is filed from 8:00AM PST to 6:00 PM, PST, or

b. By 9:00AM PST the following day if this Order is filed between 6:00 PM PST and 8:00 AM PST.

6. The Court will set a case scheduling conference as appropriate upon making an initial determination regarding jurisdiction over this habeas petition.

IT IS SO ORDERED.

DATED this 8th day of October 2026.

s/ Mustafa T. Kasubhai
Hon. Mustafa T. Kasubhai
United States District Judge

[2] If Respondents have independent good cause not to release Petitioner, Respondents have leave to seek relief from this Order and the Court will promptly address Respondents' concerns.